[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the assessment of damages made by the City of New Haven after it had condemned, pursuant to statute, 1,546 square feet of Perrotti's property for a permanent easement for flood control purposes, 4,683 square feet for a temporary construction easement for a period of 2 years, and 236 square feet for a permanent easement for a tree belt area.
Following a severe flood in 1982, the West River Flood Control project was originated to provide protection from future CT Page 3941 flood damage to riverfront properties along West River. The instant taking is part of that project.
The property on which the easements are located is a large irregular parcel with a building facing Whalley Avenue and a large paved parking area in the rear extending easterly to Tour Avenue, a short side street intersecting Whalley Avenue. Exhibit A. Perrotti purchased this property in 1987. Exhibit B, Addenda. Prior to the Whalley Avenue purchase, Perrotti had purchased property on Blake Street, the next intersecting street on Whalley Avenue to the north of his Whalley Avenue property. The rear of the Blake Street property, on which Perrotti operated a restaurant, also had a paved parking lot which joined, partially by rentals, the parking area of the Whalley Avenue property.
The court is familiar with the area and has viewed the premises.
Between West River and Perrotti's Whalley Avenue property is land of Greenfield Industries, Inc. Exhibit A. It is about 40 feet from Perrotti's property line to the river, over Greenfield land. The permanent easement line extends along Greenfield's line for about 117 feet and the easement extends into Perrotti's property for about 13 feet at one end, 9 feet at the other. Next comes the tree area permanent easement which is shown in Exhibit A as extending along the permanent easement line.[1]
The temporary easement which abuts the permanent easement aforementioned is about 34 feet wide. While this easement is for two years the testimony before the court is that the use of the easement for storing equipment and material will be sporadic and will probably total about three months.
The foundation of Perrotti's appraiser's conclusion as to damages is his claim that as a result of the City's action Perrotti will lose 12 parking spaces permanently because of the permanent easements and 13 parking spaces for two years because of the temporary easement. Exhibit B, pp. 62, 63. He then proceeds to project that alleged loss into dollar damage for the entire properties owned by Perrotti. The court totally rejects his foundation.
The Statement of Compensation, Exhibit D, p. 3 states that "The owner shall retain the right to use said pieces of land or any part thereof at any time and for any purpose, provided such use does not interfere with the full enjoyment by the City and its successors and assigns as set forth herein, and with the full enjoyment by the general public of the easements herein conveyed."
Three witnesses testified for the City. They were the City's CT Page 3942 Acquisition Coordinator and two independent appraisers. All were credible and experienced in their field. They were unanimous in the belief that Perrotti would not permanently lose any parking spaces because of the City's activities. The court's viewings of the site compels it to agree.
The reports of the City's appraisers Exhibits 4 and 6 are credible, technically correct, follow the requirements of law and support their conclusions.
This court finds that Frank Perrotti, Jr. is not aggrieved by the Statement of Compensation filed by the City of New Haven.
Judgment may enter accordingly.
Harold M. Mulvey State Trial Referee
FOOTNOTE